```
              UNITED STATES DISTRICT COURT FOR THE
                WESTERN DISTRICT OF NORTH CAROLINA
                       CHARLOTTE DIVISION
                        3:05CV489-MU-02
```

JAMES LEWIS HAMILTON,           )
    Petitioner,             )
                            )
    v.                      )           O R D E R
                            )
SHERWOOD McCABE, Supt.,         )
    Respondent.             )
_____)

**THIS MATTER** is before the Court on the petitioner's second Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, filed November 23, 2005. For the reasons stated herein, the Court concludes that the instant Petition must be <u>dismissed</u>.

According to pertinent Court records, on June 15, 2005, the petitioner filed his first Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, challenging his 2000 Attempted Murder and Assault convictions from the Superior Court of Union County, and challenging his 225 to 279-month sentence. However, on initial review of that pleading, this Court determined that the petitioner had failed to file his Petition within one-year of the date on which his State court convictions and sentence had become final. <u>See</u> 28 U.S.C. §2244(d)(1) <u>et seq</u>. Furthermore, this Court determined that the petitioner had failed to articulate a ground for equitable tolling, or for any other extension of the limitation period. Consequently, on September 29, 2005, this Court entered

and Order dismissing the petitioner's Petition on the ground that it was time-barred. The petitioner did <u>not</u> appeal that dismissal.

Rather, on November 23, 2005, the petitioner returned to this Court and filed this second <u>Habeas</u> Petition, once again seeking review of his 2000 State court convictions and sentence. Admittedly, however, none of the grounds raised in the instant Petition were raised in the first one. Clearly, then, the instant Petition is subject to dismissal as successive.

Indeed, pursuant to 28 U.S.C. §2244(3)(A), before a second or successive <u>habeas</u> petition can be filed in the district court, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." However, in the instant case, the Court has reviewed the record and has not found any such authorization from the Fourth Circuit Court of Appeals. Moreover, the petitioner has not even suggested that he has obtained authorization for this successive Petition.

Consequently, inasmuch as the petitioner has failed to obtain permission to file this successive Petition, the same must be **DISMISSED.**

**SO ORDERED.**

**Signed: December 6, 2005**

Graham C. Mullen
Chief United States District Judge